UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT FERGUSON

    Plaintiff,

v.

CASE ~~3:04-cv-903-J-20MCR~~

3:05-cv-734-J-16mmH

JAMES V. CROSBY, JR.,
Secretary, Florida Dept. of Corrections;
BOBBY DODD, former Warden,
Hamilton Correctional Institution;
Mr. CERCY, Inspector, Hamilton C.I.;
DOLPHUS JOHNSON,
Classification Supervisor, Hamilton C.I.;
R. SISTRUNK, Inspector, Hamilton C.I.;
DAVID DEAS, former Classification
Officer, Hamilton C.I.;
each in his individual capacity.

    Defendants.
_____/

# COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff Scott Ferguson was a prisoner in the custody of the Florida Department of Corrections, at Hamilton Correctional Institution (Hamilton C.I.), Jasper, Florida, when he was sexually assaulted, battered and sodomized by an HIV-positive correctional officer, Defendant David Deas, several times between January and March 2003. Defendants James V. Crosby, Jr., Bobby Dodd, Mr. Cercy, Dolphus Johnson and R. Sistrunk all knew that Defendant Deas was a sexual predator and rapist, yet Defendants Crosby, Dodd, Cercy, Johnson and Sistrunk failed to take remedial measures to protect Mr. Ferguson. Mr. Ferguson

1

brings this suit under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Florida state law, seeking declaratory relief and damages.

## JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §1331, and pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4). This Court has supplemental jurisdiction of the Florida state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue in this Court is proper as to all Defendants pursuant to 28 U.S.C. § 1391 (a)(2) and (b)(2) because the events giving rise to the claims occurred within this district.

## PARTIES

4. Plaintiff Scott Ferguson is a citizen of Florida. When the events giving rise to this claim occurred, he was a convicted prisoner incarcerated at Hamilton C. I. in Jasper, Florida.

5. Defendant James V. Crosby, Jr., is the Secretary of the Florida Department of Corrections. As such, he bears overall responsibility for the operation of all prisons under the supervision and control of the Florida Department of Corrections, including Hamilton C.I. He is sued in his individual capacity.

6. Defendant Bobby Dodd was the Warden at Hamilton C. I. during the events that are the subject of this lawsuit. He is sued in his individual capacity.

7. Defendant Inspector R. Sistrunk, of the Inspector General's office of the Florida Department of Corrections, was an inspector during the events that are the subject of this lawsuit and was responsible for investigating and responding to complaints and reports about Defendant Deas's activities. He is sued in his individual capacity.

8. Defendant David Deas was employed by the Florida Department of Corrections as a Classification Officer at Hamilton C. I. during the events that are the subject of this lawsuit. He is sued in his individual capacity.

9. Defendant Cercy was an inspector at Hamilton C.I. during the events that are the subject of this lawsuit and was responsible for investigating and responding to reports and complaints about Defendant Deas. He is sued in his official capacity,

10. Defendant Dolphus Johnson was the supervisor of the Classification Officers at Hamilton C.I. during the events that are the subject of this lawsuit. He is sued in his official capacity.

## STATEMENT OF FACTS

11. Scott Ferguson was an inmate at Hamilton C. I. during the events that are the subject of this complaint, including between January and March 2003.

3

12. Scott Ferguson was sitting in the hallway outside the Classification Officers offices at Hamilton C.I., waiting to be called to report to his work duty on or about a date in January and/or February 2003 when he was approached by Defendant Deas.

13. Although Defendant Deas was not Scott Ferguson's Classification Officer, Defendant Deas ordered Scott Ferguson into Defendant Deas's office.

14. Defendant Deas proceeded to look up Scott Ferguson's inmate information on the computer, and upon learning that with the gain time he'd earned, Scott Ferguson was scheduled to be released from prison in less than a year, Defendant Deas threatened Scott Ferguson with disciplinary action and told Scott Ferguson that he would lose his gain time and thus not be released from prison for a much longer time if Mr. Ferguson refused to do what Deas told him.

15. Defendant Deas then proceeded to order Scott Ferguson to show Deas his penis. Terrified of what may happen to him if he didn't follow Deas's orders, Scott Ferguson fearfully did as he was told.

16. Defendant Deas ordered Scott Ferguson to masturbate. Horrified, and in extreme fear, Scott Ferguson again followed Deas's orders.

17. Defendant Deas ordered Scott Ferguson to submit to oral sex. When Scott Ferguson, in extreme fear and shock, resisted, Defendant Deas forcibly performed oral sex on Scott Ferguson against Scott Ferguson's will.

18. Defendant Deas repeatedly threatened that Scott Ferguson would lose his gain time if he did not submit to Deas's demands.

19. Scott Ferguson was in fear for his life, his safety, and his impending release from prison as a result of Defendant Deas's sexual assault and battery.

20. On at least two more occasions between February and March 2003, Defendant Deas ordered Scott Ferguson into his office where Deas again repeatedly sexually assaulted, battered and sodomized Scott Ferguson.

21. Each time Defendant Deas assaulted Scott Ferguson, Deas threatened Scott Ferguson with disciplinary action and loss of his gain time which would result in an extended prison stay for Scott Ferguson.

22. The last time Defendant Deas sexually assaulted, battered, and sodomized Scott Ferguson, when Defendant Deas finally stopped the attack, he stated "Looks like you'll go home on time" to Scott Ferguson.

23. Defendant Deas is HIV-positive.

24. On information and belief, prior to, as well as after, the events that are the subject of this complaint, several inmates complained about Deas sexually assaulting, battering, and/or raping them. These complaints alerted Defendant Bobby Dodd to the existence of the problem, yet with deliberate indifference he failed to take reasonable measures to prevent Deas from inflicting harm on inmates under his control, and instead acquiesced in Defendant Deas's violations of the constitutional rights of Mr. Ferguson's and others similarly situated.

25. On information and belief, prior to the events that are the subject of this complaint, Defendant Crosby was made aware of complaints about Defendant Deas sexually assaulting, battering and raping inmates. These

complaints alerted Defendant Crosby to the existence of the problem, yet instead of taking reasonable measures to prevent Deas from inflicting harm on inmates under his control, Defendant Crosby, with deliberate indifference, acquiesced in the ongoing violations of Scott Ferguson's constitutional rights.

26    On information and belief, Defendant Inspector R. Sistrunk knew about complaints against Defendant Deas's sexual abuse of inmates prior to the events that are the subject of this complaint, and with deliberate indifference acquiesced to Defendant Deas's behavior that violated the constitutional rights of Mr. Ferguson.

27    On information and belief, Defendant Cercy knew about the complaints against Defendant Deas sexually abusing inmates prior to, and during the events that are the subject of this complaint, and with deliberate indifference acquiesced to Defendant Deas's behavior, and failed to protect Plaintiff from harm.

28    On information and belief, Defendant Dolphus Johnson knew about the complaints against Defendant Deas sexually abusing inmates prior to, and during the events that are the subject of this complaint, and with deliberate indifference acquiesced to Defendant Deas's actions, and failed to protect Plaintiff from harm.

29    Defendants Crosby, Dodd, Cercy, Johnson, and Sistrunk failed to take adequate measures to extinguish the threat posed by Defendant Deas.

30.   Defendants Crosby, Dodd, Cercy, Johnson, and Sistrunk failed to adopt or implement policies or procedures to investigate the numerous

complaints and reports against Defendant Deas prior to April 2003, which dated at least as far back as 1999.

31. Defendants Crosby, Dodd Cercy, Johnson, and Sistrunk failed to supervise Defendant Deas adequately.

32. Defendants Crosby, Dodd, Cercy, Johnson, and Sistrunk failed to adequately train Department of Corrections personnel.

33. Defendants Crosby, Dodd, Cercy, Johnson, and Sistrunk failed to adopt and/or implement policies to provide corrections staff information about employees who pose a direct threat to the safety of inmates.

34. As a result of the Defendants' acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, fear from threats of retaliatory action against him, constant fear that he may have contracted HIV and AIDs when Defendant Deas raped him, and ongoing fear of death as a result of the Defendants' failures to protect him.

## CAUSES OF ACTION

### First Claim for Relief
### 42 U.S.C. § 1983 against Defendant Crosby

35. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

36. As Secretary of the Florida Department of Corrections, Defendant Crosby knew that he had a legal obligation to protect inmates at Hamilton C.I.

from assault and sexual attack, and knew that his actions and omissions created a substantial risk of serious injury to Mr. Ferguson.

37. Defendant Crosby, with deliberate indifference, failed to protect Mr. Ferguson from substantial risk of serious harm, in violation of Mr. Ferguson's rights under the Eighth and Fourteenth Amendments to the United States Constitutions, and 42 U.S.C. § 1983.

38. The deprecations of Mr. Ferguson's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

39. As a result of the Defendant Crosby's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

## Second Claim for Relief
## 42 U.S.C. § 1983 against Defendant Dodd

40. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

41. As Warden of Hamilton Correctional Institution, Defendant Dodd knew that he had a legal obligation to protect Mr. Ferguson from assault and sexual attack, and knew that his actions and omissions created a substantial risk of serious injury to Mr. Ferguson. With deliberate indifference to Mr. Ferguson's personal safety, Defendant Dodd failed to protect him from substantial risk of

serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitutions, and 42 U.S.C. § 1983.

42.  The deprecations of Mr. Ferguson's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

43.  As a result of the Defendant Dodd's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

### Third Claim for Relief
### 42 U.S.C. § 1983 against Defendant Sistrunk

44.  Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

45.  Defendant Sistrunk, was an Inspector from the office of Inspector General Florida Department of Corrections, assigned to investigate the complaints Mr. Ferguson made about and against David Deas, including the sexual assault, battery, and sodomizations of Mr. Ferguson by David Deas.

46.  Defendant Sistrunk knew about prior complaints of sexual assault, battery and rapes of inmates by Defendant Deas.  Defendant Sistrunk failed to protect Mr. Ferguson from substantial risk of serious harm, and Sistrunk knew that his actions and omissions created a substantial risk of serious injury to Mr. Ferguson, but with deliberate indifference to Mr. Ferguson's personal safety,

Sistrunk violated Mr. Ferguson's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

47. The deprecations of Mr. Ferguson's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

48. As a result of the Defendant Sistrunk's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

## Fifth Claim for Relief
## 42 U.S.C. § 1983 against Defendant Deas

49. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

50. Defendant Deas engaged in a deliberate and outrageous invasion of Mr. Ferguson's bodily integrity that shocks the conscience in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

51. Defendant Deas misused and abused the official power granted to him by the state in the performance of his official duties thereby causing the harm to Mr. Ferguson.

52. Defendant Deas engaged in conduct with malice and reckless or callous indifference to the constitutional and statutory rights of Mr. Ferguson.

53. As a result of the Defendant Deas's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

### Sixth Claim for Relief
### Outrageous Conduct/Intentional Infliction of Emotional Distress Against Defendant Deas

54. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

55. Defendant Deas, acting within the scope of his agency, recklessly and with the intention of causing Mr. Ferguson severe emotional distress, engaged in extreme and outrageous conduct by sexually assaulting and harassing Mr. Ferguson, and by promoting a threatening and unduly hostile and antagonistic environment.

56. As a direct and proximate result of Defendant Deas's acts, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Mr. Ferguson suffered severe emotional distress and was injured and damaged thereby.

57. Defendant Deas engaged in conduct with malice and reckless indifference to the rights of Mr. Ferguson.

### Seventh Claim for Relief
### Sexual Assault and Battery Against Defendant Deas

58. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

59. Defendant Deas, acting within the scope of his agency, assaulted and battered Mr. Ferguson by threatening him, touching his genitals and other parts of his body, and forcibly placing Mr. Ferguson's penis in his mouth and anus without Mr. Ferguson's consent and against Mr. Ferguson's will. Defendant Deas intentionally and unlawfully caused Mr. Ferguson to fear offensive and harmful contact, and intentionally caused such offensive and harmful contact to occur.

60. As a direct and proximate result of Defendant Deas's actions, Mr. Ferguson suffered injury and damages, including severe mental and emotional distress.

61. As a result of the Defendant Deas's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

### Eighth Claim for Relief
### False Imprisonment against Defendant Deas

62. Plaintiff repeats and realleges paragraphs 1-34 as if fully set forth herein.

63. Defendant Deas falsely imprisoned Mr. Ferguson by willfully detaining him without his consent, and in the absence of authority to do so by confining Mr. Ferguson in his office for the purpose of sexually assaulting, battering and raping him. At the time of the imprisonment, Mr. Ferguson knew that his freedom of movement had been restricted.

64. As a direct and proximate result of the actions of Defendant Deas, Mr. Ferguson was physically injured and suffered damages.

65. Defendant Deas engaged in conduct with malice and reckless or callous indifference to the rights of Mr. Ferguson.

66. As a result of the Defendant Deas's acts and omissions which are the subject of this complaint, Scott Ferguson has suffered physical injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment, and fear of personal harm, illness, and death.

## RELIEF REQUESTED ON ALL COUNTS

WHEREFORE, Plaintiff requests the following relief from this Court:

1. Compensatory damages against each Defendant, jointly and severally;

2. Punitive damages against Defendant Deas as to the counts against him;

3. Retention of jurisdiction over Defendants until such time that the Court is satisfied that defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur;

4. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

5. Such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff requests a trial by jury on all issues triable by a jury.

SCOTT FERGUSON, PLAINTIFF

BY: *Peggy Underbrink*

Peggy Underbrink, Esq.
Florida Bar No. 0599107
Gene Zweben, Esq.
Florida Bar No. 0088919
Co-counsel for Plaintiff
SCHWARTZ ZWEBEN & SLINGBAUM, LLP
205 SW Winnachee Drive
Stuart, FL 34994-7105
Tel. 772-223-5454
Fax 772-463-0778

David Chesnut, Esq.
Florida Bar No. 318493
Co-counsel for Plaintiff
215 S. Federal Highway #101
Stuart, FL 34994
Tel. 772-286-3547
Fax 772-286-3947